FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-3086
_____

RUSTY LEE WILLIAMS,

    Appellant,

    v.

DEPARTMENT OF REVENUE and
COTARA SHANAE ROSS,

    Appellees.

_____

On appeal from the Division of Administrative Hearings.
Lawrence P. Stevenson, Administrative Law Judge.

February 12, 2025

B.L. THOMAS, J.

Appellant challenges the final administrative paternity and support order entered by the Division of Administrative Hearings. We reverse to correct the deductions from Appellant's gross income concerning child support obligations for other children. We reject the other arguments raised by Appellant.

At the hearing below, Appellant testified that he paid child support for three children other than the minor child whose support was the subject of the proceedings. He testified that he paid $945.08 per month in child support for two of his other children, together, and $560 per month in child support for a third child. However, at the Department's request, the Administrative

Law Judge only gave Appellant credit for the portion of those monthly payments that was for so-called "current" support and not the portion that was for retroactive amounts. Thus, Appellant was given credit for child support payments for his other children of $853.20 and $456 per month, respectively. On appeal, the Department argues that this decision is supported by section 61.30(3)(f), Florida Statutes, which allows for a deduction from a party's gross income for "[c]ourt-ordered support for other children which is actually paid." We disagree.

We agree with our prior interpretation that the phrase "actually paid" in section 61.30(3)(f), Florida Statutes, indicates whether a party "pays the court-ordered child support for another child . . . ." *Dep't of Rev. v. McMullen*, 312 So. 3d 177, 178 (Fla. 1st DCA 2021). When a child support obligation is established, it is common for the court to establish an amount that is owed retroactively for months prior to the court's order and for the party owing support to be ordered to pay a portion of the retroactive amount each month until the full amount is satisfied. When a party is complying with a child support order, including paying the retroactive amount each month, the full amount is child support that is "actually paid." Therefore, the credit given to Appellant by the ALJ under section 61.30(3)(f), Florida Statutes, should have included the retroactive portion of the court-ordered child support payments Appellant makes each month for his other children.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.

RAY and NORDBY, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Doreen Inkeles, Shochet Law Group, Trenton, for Appellant.

2

Toni C. Bernstein, Senior Assistant Attorney General, Tallahassee, for Appellee Department of Revenue.

No appearance for Appellee Cotara Shanae Ross.